Argued and submitted September 6, affirmed on petition and on cross-petition
October 5, 1994, petition for review denied January 24, 1995 (320 Or 507)

Allen D. FECHTIG,
*Petitioner - Cross-Respondent,*

*v.*

CITY OF ALBANY,
*Respondent - Cross-Petitioner.*

(LUBA 94-019, 94-020; CA A84992)

882 P2d 138

Garry P. McMurry argued the cause for petitioner - cross-respondent. With him on the briefs was Garry P. McMurry & Assoc.

James V. Delapoer argued the cause for respondent - cross-petitioner. With him on the brief was Long, Delapoer, Healy & McCann, P.C.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and De Muniz, Judge.

RIGGS, P. J.

## RIGGS, P. J.

Petitioner seeks review of LUBA's decision affirming the City of Albany's allowance of a fill permit. The city cross-petitions, contending that LUBA erred by denying its motion to dismiss in case 94-019,[1] made on the ground that petitioner's notice of intent to appeal to LUBA was untimely. Because the city's cross-petition raises a jurisdictional question, we address it first.

■     The city processed the application as a "limited land use decision," for which no hearing was required or held. ORS 197.195. ORS 197.015(12)(b) defines limited land use decisions, *inter alia*, as final decisions concerning:

"The approval or denial of an application based on discretionary standards designed to regulate the physical characteristics of *a use permitted outright*, including but not limited to site review and design review." (Emphasis supplied.)

Petitioner filed his notice 22 days after the decision became final. ORS 197.830(8) allows 21 days within which to perfect an appeal from a land use decision or a limited land use decision. Petitioner argued, however, and LUBA agreed that, if the application should have been processed as a land use decision rather than a limited one, the time for appealing to LUBA would be governed by ORS 197.830(3)(a). It provides that, if a local government makes a "land use decision without providing a hearing," the decision may be appealed within 21 days after the petitioner receives actual notice of the decision. Petitioner met *that* deadline. Thus, LUBA analyzed the question as being whether the application was properly subject to land use or limited land use decision procedures; if the former applied, the appeal was timely brought and, if the latter were applicable, it was not.

LUBA concluded that a land use decision, under the permit procedures of ORS chapter 227, rather than a limited land use decision, was the proper procedure for the city's action on the application. Although LUBA's reasoning was more elaborate, the critical point of it was that nothing in the city's land use legislation makes fills outright permitted uses, and they therefore do not qualify for disposition through a

[1] LUBA allowed the motion to dismiss the consolidated appeal in case 94-020. Neither party assigns error to that ruling.

limited land use decision as defined in ORS 197.015(12). Accordingly, LUBA held that the notice of intent to appeal was filed within 21 days of the date of actual notice and was timely under ORS 197.830(3).

In its cross-petition, the city challenges LUBA's conclusion that fills are not an outright permitted use under the city's legislation. The specifics of the city's argument, insofar as they are based on provisions in its ordinance, are strained and unpersuasive. The city also asserts that, "in derogation" of the common law right to the use of property,

> "LUBA's decision has the strange result of holding that a property owner cannot make specific use of his land unless a land use regulation expressly authorizes it."

The city's point is elusive. No one disputes that fills are subject to *some* regulation by the city. It is also undisputed that the city's legislation contains *general* classifications of the types of land uses in the city, ranging from outright permitted ones to uses that are not permitted at all in particular zones. The legislation does not specify which of those classifications applies to fills.

The problem is that the legislation *does* regulate fill permits, but does *not* define the extent or nature of the regulation in a manner that makes fills uses that are permitted outright within the meaning of ORS 197.015(12)(b) and that may be acted on through a limited land use decision. We agree with LUBA's reasoning and its conclusion on the jurisdictional issue.

■ Having correctly concluded that it had jurisdiction, LUBA turned to the merits. Arguably at the least, LUBA's conclusion that the city erred by acting on the application through a limited land use decision dictates the further conclusion that the city was also required and failed to conduct a hearing and follow other procedures applicable to *quasi-judicial* land use decisions on permit applications. However, LUBA explained that

> "petitioner does not assign the city's failure to follow statutory procedures concerning permits and quasi-judicial land use decision making as error or argue that the city's error in this regard prejudiced his substantial rights. We therefore do not consider the city's failure to follow statutory permit

approval and quasi-judicial land use decision making procedures further.''

LUBA then addressed the assignments that petitioner did present, rejected them and affirmed the city's decision.

■     Petitioner devotes the greater part of his brief to his assignments challenging LUBA's refusal to consider the city's failure to conduct a hearing and follow other applicable *quasi-judicial* procedural requirements. He asserts that the ''deprivation of the fundamental right to fair hearing based on a complicated rule of pleading is contrary to basic notions of due process.'' We do not agree that there is anything complicated about making an assignment of error. We also disagree with petitioner's apparent premise that basic rules requiring preservation and the raising of issues are inapplicable to constitutional questions.[2] Petitioner failed to raise any issue regarding the deficiencies in the procedures followed by the city, and LUBA was correct in refusing to consider those issues.

Petitioner's remaining arguments do not merit specific discussion. We comment briefly on his general theme that, although he is represented by counsel now, he appeared *pro se* below and was required with undue stringency to abide by ''arcane statutes'' with ''abstruse language.'' We decline to hold that persons who elect to represent themselves before LUBA are not required to follow the applicable law and procedures, or that the other parties to the proceeding are not entitled to have the law and the required procedures enforced.

Affirmed on petition and on cross-petition.

---

[2] We do not imply by our statement that we agree with petitioner's assumption that the question is principally constitutional in nature. The required procedures are comprehensively defined by statute.